Gregorio E. CONDE, Petitioner,

v.

DEPARTMENT OF THE ARMY, Respondent.

No. 00–3421.

United States Court of Appeals, Federal Circuit.

Feb. 6, 2001.

Before MICHEL, Circuit Judge, PLAGER, Senior Circuit Judge, and LINN, Circuit Judge.

## DECISION

MICHEL, Circuit Judge.

Gregorio Conde petitions this court for review of the decision of the Merit Systems Protection Board ("Board") dismissing his appeal upon his request that it be withdrawn. *Conde v. Dep't of the Army,* 86 M.S.P.R. 226 (1999) (initial decision). Because Conde has not shown that the AJ failed to adequately inform him of the prejudicial effect of his withdrawal, the Board's decision is *affirmed.*

## BACKGROUND

At no time has Conde had assistance of counsel in prosecuting his appeal, either before the Board or on his petition for review to this court. Conde was employed by the Department of the Army as a Materials Engineering Technician, GS–802–06. During his employment, Conde became mentally disabled and, as a result, was absent from work for extended periods. Due to his absences, the Army removed Conde from service effective July 6, 1999. Conde appealed his removal to the Board. During a prehearing conference conducted by the Administrative Judge ("AJ") on October 5, 1999, Conde requested that his appeal be withdrawn. Later on October 5, the AJ issued her initial decision granting Conde's request and dismissing his appeal. The AJ's opinion states:

> During the prehearing conference conducted on October 5, 1999, the appellant requested to withdraw his appeal. See Initial Appeal File, Withdrawal Tape, Side 1A. The agency voiced no objection to the appellant's request to withdraw. Accordingly, the appellant's request to withdraw his appeal is GRANTED. The appeal is DISMISSED.

The AJ's opinion does not indicate whether the dismissal is with or without prejudice.

On October 31, 1999, Conde wrote a letter to the AJ requesting that she specify that the dismissal of his appeal was without prejudice. In his letter, Conde wrote:

> This is in reference to your decision to grant dismissal to my appeal. I am requesting your office to dismiss my appeal without prejudice to re-file on a later date: at such time when all the investigating agencies concerned make their reports.

The AJ replied to Conde in a letter dated November 8 by referring Conde to her initial decision and reiterating that this decision would become final on the next day, November 9, unless Conde filed a petition for review with the Board by November 9. In relevant part, the AJ's letter states:

> Your letter states that you request that your appeal be dismissed without prejudice to re-file on a later date. An initial decision was issued by the undersigned on October 5, 1999, dismissing your appeal as withdrawn. The initial decision will become final on November 9, 1999. This is the last day that you can file a petition for review with the Board.

There is no indication in the record before us that Conde received the AJ's letter on or before November 9. The letter did not state whether the dismissal in the now-final initial decision was with or without prejudice. Because Conde failed to file a petition for review by November 9, the

AJ's initial decision became the final decision of the Board by operation of law.

Conde filed a petition for review on December 29, 1999, 50 days after the deadline specified in the Board's regulations and the November 8 letter. On June 29, 2000, the Board issued an order dismissing Conde's petition for review as untimely filed, thereby retaining the AJ's October 5 decision as the Board's final decision.

## ANALYSIS

Our review in an appeal from a decision of the Board is largely deferential. We must affirm a Board decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or not supported by substantial evidence. 5 U.S.C. § 7703(c).

In his petition for review to this court, Conde has not claimed that he misunderstood the effect of his request that the AJ withdraw his appeal. Conde has simply requested that this court subpoena various federal agencies and conduct an investigation into the allegations that he originally raised in his appeal before the AJ. Such fact-finding is beyond this court's limited review of Board appeals.

However, in his petition for review to the Board, Conde stated that: "I was denied the opportunity to present evidence of the underlying reasons for my medical disability." He also stated that the AJ "told me to withdraw my appeal, for luck [sic] of evidences."

In its June 29, 2000, order denying Conde's petition for review, the Board, citing the audio tape recording of the October 5 conference, found that: "[t]he administrative judge (AJ) advised the appellant that if he withdrew his appeal, there would be no further proceedings before the Board on this matter." The Board further found, again citing the conference recording, that prior to Conde's withdrawal, "the AJ had repeatedly told him that by withdrawing his appeal he would be withdrawing the entire matter before the Board."

▇ Conde's withdrawal may properly be the basis for a dismissal with prejudice only if the AJ informed him of the fact that the dismissal would be with prejudice. *See Allison v. United States Postal Serv.*, 81 M.S.P.R. 335, 337 (1999) (denying petition for review and upholding dismissal with prejudice because the AJ "informed the appellant's representative that he could withdraw the appeal for any reason but that such withdrawal would be with prejudice"), *aff'd* 232 F.3d 908 (Fed.Cir.2000) (Table).

In support of his petition for review to the Board, Conde submitted numerous documents relating to events that occurred during and after his employment. Three of these documents are letters from Dr. Samuel H. Albert, M.D., Conde's psychiatrist. Prior to the October 5 hearing, Dr. Albert diagnosed Conde as suffering from post traumatic stress disorder. In his letters, dated May 6, 1998, July 6, 1998, and November 19, 1999, Dr. Albert states that Conde "is currently temporarily totally disabled from his usual and customary job, and any other job." Conde, however, provided no argument or evidence that his disability rendered his October 5, 1999, withdrawal request invalid. In the absence of evidence to the contrary, the fact that Conde suffers from post traumatic stress disorder does not establish that he was unable to appreciate the AJ's warnings during the October 5 conference.

▇ Conde does not dispute the Board's finding that the AJ informed him that "if he withdrew his appeal, there would be no further proceedings before

the Board on this matter." We hold that this unequivocal warning was sufficient to inform Conde that his withdrawal would result in a dismissal with prejudice. The fact that the AJ might not have used the term "prejudice" does not render the warning insufficient. While Conde did not have the assistance of counsel, in the absence of persuasive evidence to the contrary, the clear and plain meaning of the AJ's warning was sufficient to inform Conde of the effect of his withdrawal. Importantly, Conde has neither argued, nor submitted any evidence to indicate, that he made any statements during the October 5 conference indicating that he intended to preserve the opportunity to re-file a Board appeal on this matter.

Conde's only evidence to indicate that he did not appreciate the effect of his withdrawal is his October 31 letter to the AJ. In the letter, however, Conde does not state that he had believed that his withdrawal would result in a dismissal without prejudice.

Based upon the record before us, we conclude that Conde has failed to prove that the AJ did not adequately inform him of the prejudicial effect of his withdrawal. Conde has not disputed the Board's finding that during the October 5 conference the AJ warned him that if he withdrew his appeal there would be no further Board proceedings on the matter. Further, Conde's letter of October 31 does not establish that he misunderstood the AJ's warnings during the October 5 conference. Thus, since Conde has not shown that the AJ failed to inform him of the prejudicial effect of his withdrawal, the Board's final decision of October 5 is affirmed.